## FARCY *a.* LEE.

*New York Common Pleas; Special Term, March,* 1859.

PLEADING ON AN ACCOUNT.—INDEFINITENESS AND UNCERTAINTY.

A complaint referring to an account, according to section 158 of the Code, for the particulars of the claim,—*e. g.,* in an action for work, labor, and services,—is nevertheless indefinite and uncertain, unless its allegations show the nature and character of the claim, and the period within which it arose.

Motion that plaintiff be required to amend his complaint.

The complaint alleged that, heretofore, by request of the wife of the defendant, the plaintiff and her servants performed for the defendant at, &c., " work, labor, and services, and furnished divers materials therefor, at the days and times, and in and about the matters and things, and at the prices, specified in an account already delivered to the defendant in respect thereof, and upon which the defendant paid her on account thereon ; and to which account of said work and materials, delivered to the said defendant as aforesaid, she craves leave to refer when the same shall be produced to this court."

That the defendant thereupon became, and is now indebted, &c., in a balance specified, for which judgment was demanded.

The defendant now moved that the complaint be made more definite and certain, and that the plaintiff be required to state particularly the work, labor, and services rendered, and the materials furnished, and the dates and values thereof.

The affidavits to oppose the motion showed that the items of the account exceeded three hundred in number ; that after the account had been rendered, the defendant paid a part, and that he had promised to pay the balance.

*L. Spring,* for the motion.

*Wm. C. Traphagen,* opposed.

HILTON, J.—Although it is not necessary in pleading to set out the items of an account referred to in it, yet in an action for work, labor, services, and materials, the complaint should be so sufficiently definite and certain as to enable the defendant to ascertain from it the nature and character of the claim, and the period within which it is alleged to have arisen. (*Code*, §§ 158, 160.)    If more particularity is desired, it can be obtained either by demand, or a judge's order, under section 158.

Tested by these views the complaint is clearly defective. It is so indefinite and uncertain that the precise nature of the plaintiff's claim is not apparent from it. It must be amended, and the defendant will have twenty days to answer after service of it as amended.

---

## THE PEOPLE *a.* THE MAYOR, &c., OF NEW YORK.

*Supreme Court, First District; Special Term, December,* 1859.

### ACTION BY THE PEOPLE.—INJUNCTION.—PARTIES.

The attorney-general may maintain an action in the name of the People to restrain a municipal corporation from exercising authority not possessed by it under its charter or by law.

The passage of a resolution by the Common Council of a municipal corporation, is a legislative act, and cannot be enjoined.

But an injunction may be granted to prevent such a resolution from being carried into effect, after it is passed.

In an action brought by the People to restrain a municipal corporation from proceeding under a public contract, required by law to be awarded to the lowest bidder, on the ground that the contractors were not the lowest bidders, the contractors and the bidders need not be made parties.

The clause of the act of 1857 (*Laws of* 1857, ch. 446, § 38)—relating to work necessary to be done to complete or perfect a particular job, &c., for the Corporation of the city of New York—does not include work forming a part of a job, which, in a contract for the residue of the job, appears to have been intentionally excluded, to be let in future, or to be otherwise done.

Of the construction of the specifications in public contracts.

Motion for an injunction.